

Opinions of the United
States Court of Appeals
for the Third Circuit

7-3-2007

# Joines v. Ridley Township

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2518

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Joines v. Ridley Township" (2007). *2007 Decisions.* Paper 816.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/816

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-2518

———

KATHLEEN JOINES,
Plenary Guardian of the Person and Estate
of Sean Joines,
Appellant

v.

TOWNSHIP OF RIDLEY; RIDLEY TOWNSHIP POLICE DEPARTMENT,
Police Officer with Badge 127 Whose Illegible Signature Appears on the
Attached Citation; RICHARD C. HERRON, Captain; JACK WHALEN,
Commissioner, Chairman of the Public Safety Committee;
PUBLIC SAFETY COMMITTEE; RICHARD HERRON, JR., Police
Officer; STEVE DRELLING, Police Officer; HARVEY PIKE, Police
Officer; ANNE E. HOWANSKI, Township Manager/Secretary;
COUNTY OF DELAWARE; JOHN DOE, Ridley Township Police Department;
JOHN DOE 1, Ridley Township Police Department; JOHN DOE 2, Ridley Township
Police Department; JOHN DOE 3, Ridley Twp.; JOHN DOE 4, Ridley Twp.;
JOHN DOE 5, Ridley Twp.

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cv-03430)
District Judge: Honorable John P. Fullam

———

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
June 5, 2007

Before: SMITH, COWEN, and SILER,[*] Circuit Judges.

(Filed:  July 3, 2007)

─────

OPINION OF THE COURT

─────

SILER, Circuit Judge.

Plaintiff Kathleen Joines appeals the district court's grant of summary judgment in favor of the Township of Ridley ("Township").  Plaintiff, on behalf of her son, Sean Joines, sued the Township and several officers, including Officer Richard C. Herron, Jr., for not preventing her son's attempted suicide.  Joines was a pretrial detainee who hanged himself within eight minutes of his detention at the Ridley Township Police Headquarters.  This attempted suicide resulted in permanent brain injury.  Under 28 U.S.C. § 1983, Plaintiff argues that the Township is liable for not preventing the suicide attempt.  We **AFFIRM** the district court.

### I.  Officer's Liability

In order to show Officer Herron's liability, Plaintiff "has the burden of establishing three elements: (1) the detainee had a particular vulnerability to suicide, (2) the custodial officer or officers knew or should have known of that vulnerability, and (3) those officers 'acted with reckless indifference' to the detainee's particular vulnerability."  *Colburn v. Upper Darby Twp*., 946  F.2d 1017, 1023 (3d Cir. 1991).  She has not met this burden.

In order for a "particular vulnerability to suicide" to exist there must be a "strong likelihood, rather than a mere possibility, that self-inflicted harm will occur."  *Id.* at 1024.  Here, Joines was

─────────────

[*] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

2

young, intoxicated, and acting irrationally in his cell.  Plaintiff offered expert testimony that these factors point toward a heightened risk of suicide, but even her own expert did not suggest that these factors represented a strong likelihood of self-inflicted harm.  Joines's behavior in no way demonstrated that he was inclined toward self-inflicted harm.  Therefore, Plaintiff has not established the first element, so the claim fails.

Assuming *arguendo* that Plaintiff could establish that a substantial risk of suicide existed, she still has not established that Officer Herron knew or should have known of Joines's vulnerability to suicide.  In 1998, Officer Herron stopped Joines while he was walking along the railroad tracks, drunk, and with wounds on his arms.  The 1998 incident is not enough to show that Officer Herron should have known that Joines presented a risk of suicide on the night at issue here. The 1998 incident was almost four years earlier, which is too remote in time for a law enforcement officer to be expected to remember one incident that did not even lead to an arrest.  Officer Herron allegedly should have remembered that Joines had wounds on his arms indicative of attempted suicide.  However, during the 1998 incident, Joines told Officer Herron that he received the wounds while defending himself from assault.  Further, Plaintiff argues that Officer Herron should have seen the scars from the 1998 incident when he detained him on the night of the attempted suicide, but she has not offered evidence to establish that the scarring was easily identifiable or indicative of self-inflicted harm.  Her arguments do not establish " that a lay person would easily recognize the necessity for a doctor's attention," prior to the attempted suicide.  *Woloszyn v. County of Lawrence*, 396 F.3d 314, 320 (3d Cir. 2005).

3

Because Officer Herron did not know, nor should he have known, of Joines's potential vulnerability to suicide, he could not have acted with reckless indifference to that particular vulnerability. Thus, the claims against Officer Herron fail.

## II. Township's Liability

Plaintiff argues that under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), the Township, Police Captain Richard Herron, and Officer Herron are liable for failure to train, which she maintains resulted in the attempted suicide. It is not enough for Plaintiff to show that the Township's "employees could have been better trained or that additional training was available that would have reduced the overall risk of constitutional injury." *Colburn*, 946 F.2d at 1029-30. In order to prove failure to train, she must "(1) identify specific training not provided that could reasonably be expected to prevent the suicide that occurred, and (2). . . demonstrate that the risk reduction associated with the proposed training is so great and so obvious that the failure of those responsible for the content of the training program to provide it can reasonably be attributed to a deliberate indifference to whether the detainees succeed in taking their lives." *Id.* at 1030. She has not proven these elements.

Plaintiff relies heavily upon expert testimony that she believes proves that if the Township had proceeded in accordance with national standards for correctional facilities, the attempted suicide would not have occurred. This testimony, however, is broad, general, and conclusory. Evidence of this nature is not enough to satisfy the first element of the test. *See Woloszyn,* 396 F.3d at 325. As in *Woloszyn*, the testimony Plaintiff relies upon suggests that the Township could have prevented Joines's attempted suicide through better training, but the evidence does not specifically identify how that training could have identified Joines as an attempted suicide risk. *Id.* Further, the expert

4

testimony suggests that the attempted suicide could have been prevented by closer monitoring of Joines. However, Joines attempted suicide within eight minutes of confinement, and the officers are not required to monitor the cells around the clock. *Colburn*, 496 F.2d at 1029.

The evidence is also insufficient to establish deliberate indifference. It is unclear how Joines could have ever been identified as a suicide risk until after he attempted suicide. His behavior was not unusual for an intoxicated person. Deliberate indifference is not established simply because better policies could have been enacted. *Colburn*, 946 F.2d at 1029-30. Thus, Plaintiff's claim for failure to train is meritless.

**AFFIRMED.**